IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LUCIANA BUSTOS,<br><br>    Plaintiff,<br><br><br><br>        vs.<br><br><br>JANET NAPOLITANO, Secretary of<br>Homeland Security; ALEJANDRO<br>MAYORKAS, Director of Citizenship and<br>Immigration Services; GERARD<br>HEINAUER, Director of Nebraska Service<br>Center; JEANNE KENT, Field Office of<br>Citizenship and Immigration Services,<br><br>        Defendants. | MEMORANDUM DECISION AND<br>ORDER DENYING DEFENDANTS'<br>MOTION TO DISMISS<br><br><br>Case No. 2:12-CV-515-TS |

This matter is before the Court on Defendants' Motion to Dismiss for Failure to State a

Claim for Relief.  The Court heard argument on the Motion on October 23, 2012.  For the

reasons stated below, the Court will deny Defendants' Motion.

I.  BACKGROUND

Plaintiff, Luciana Bustos, (also known as Lucy S. Ascua) is a native and citizen of

Argentina.  She unlawfully entered the United States on February 17, 1990.  On April 30, 2001,

"The Herb Shop Connection" filed, on her behalf, an Application for Alien Employment

Certification ("ETA 750") with the Utah Department of Workforce Services ("DWS"), the State

Employment Security Agency ("SESA").

In September 2003, the DWS responded to the application by sending a REMAND OF LABOR CERTIFICATION APPLICATION ("remand notice").  The remand notice sought changes on four items in the alien employment certification application.  The document noted that two sections needed to be completed, the bilingual preference for the job should be removed, and that the wage offer was below the prevailing wage for the labor market and needed to be adjusted.

The remand notice acknowledged that DWS was in receipt of an application for alien labor certification with a priority date of April 30, 2001, and noted that the case would be closed if the requested information was not received by November 14, 2003.  Because Ms. Bustos never provided the requested information, in November 2003, the case was closed.  Ms. Bustos alleges that her former attorney closed the case without authorization.  Ms. Bustos later filed an Immigrant Petition for Alien Worker, which was granted.  She then filed an application for adjustment of status, which on August 26, 2009, was denied because United States Citizenship and Immigration Services ("USCIS") determined she failed to be grandfathered in, because she failed to establish that she filed an approvable labor certification on or before April 30, 2001.  USCIS then denied a motion to reopen on February 10, 2010, for the same reason.  Ms. Bustos now files this Complaint, challenging USCIS's denial of her adjustment application.  Defendants move to dismiss Plaintiff's Complaint.

## II.  STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as

the nonmoving party.[1]  Plaintiff must provide "enough facts to state a claim to relief that is

plausible on its face,"[2] which requires "more than an unadorned, the-defendant-unlawfully-

harmed-me accusation."[3]  "A pleading that offers 'labels and conclusion' or 'a formulaic

recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[4]  "The court's function on

a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial,

but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for

which relief may be granted."[5]  As the Court in *Iqbal* stated,

> [O]nly a complaint that states a plausible claim for relief survives a motion to
> dismiss.  Determining whether a complaint states a plausible claim for relief will
>  . . . be a context-specific task that requires the reviewing court to draw on its
> judicial experience and common sense.  But where the well-pleaded facts do not
> permit the court to infer more than the mere possibility of misconduct, the
> complaint has alleged—but it has not show[n]—that the pleader is entitled to
> relief.[6]

When considering the adequacy of a plaintiff's allegations in a complaint subject to a

motion to dismiss, a district court not only considers the complaint, but also "documents

incorporated into the complaint by reference, and matters of which a court may take judicial

---

[1]    *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2]    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[3]    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4]    *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[5]    *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6]    *Iqbal*, 556 U.S. 677–78 (alteration in original) (internal quotation marks and citations omitted).

notice."[7]  Thus, "notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, '[a] district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"[8]

Ms. Bustos brings this claim under the Administrative Procedure Act, 5 U.S.C. §§ 701–06, which requires a reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."[9]  This Act explicitly grants district courts jurisdiction over challenges of individuals "suffering legal wrong because of agency action, or adversely affected by agency action within the meaning of a relevant statute."[10]  Further, "[t]hese standards require the reviewing court to engage in a substantial inquiry."[11]  Nevertheless, the district court's review under this standard is "narrow and deferential" and the court is required to uphold the agency's action if it has "articulated a rational basis for the decision and has considered relevant factors."[12]  Where the matter at issue is a question of law, it is grounds for reversal to fail to

---

[7]     *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B Wright & Miller § 1357 (3d ed. 2004 and Supp. 2007)).

[8]     *Alvarado v. KOBTV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

[9]     5 U.S.C. § 706.

[10]    *Id.* § 702.

[11]    *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1574 (10th Cir. 1994).

[12]    *Mountain Side Mobile Estates P'ship v. Sec'y of Hous. and Urban Dev.*, 56 F.3d 1243, 1250 (10th Cir. 1995).

apply the correct legal standard or fail to provide the court with a sufficient basis to determine that all legal principles have been followed.[13]

### III.  DISCUSSION

#### A. GRANDFATHERING

To be eligible for legal permanent residence through adjustment of status, applicants generally must show proof of inspection and admission to the United States.  Section 245(i) of the Immigration and Nationality Act exempted certain aliens from the lawful status and lawful entry requirements in seeking an adjustment of status.[14]  Aliens who could not meet the lawful entry and status requirements could pay a $1,000 penalty to file their adjustment of status applications.  This exception has since expired, although certain aliens are grandfathered in and may still use the provision.[15]

To establish eligibility for this grandfathering provision, an alien must have had a labor certification or visa petition filed and accepted by the appropriate agency before April 30, 2001 (the expiration of the most recent § 1255(i) provision).  The labor certification or visa petition filed before April 30, 2001, must either have been approved, or have been "approvable when filed."[16]  Indeed, "[t]he denial, withdrawal, or revocation of the approval of a qualifying immigrant visa petition, or application for labor certification, that was properly filed on or before April 30, 2001, and that was approvable when filed, will not preclude its grandfathered alien . . .

---

[13]      *Id.*

[14]      8 U.S.C. § 1255(i).

[15]      *See Esquivel-Garcia v. Holder*, 593 F.3d 1025, 1029 n.1 (9th Cir. 2010) (noting that 1255(i) benefits are available only to those aliens who have been grandfathered into the provision).

[16]      8 C.F.R. § 245.10(a)(3).

from seeking adjustment of status under section 245(i) of the Act on the basis of another approved visa petition."[17]   Additionally, the federal regulations state a "visa petition that was properly filed on or before April 30, 2001, and was approvable when filed, but was later withdrawn, denied or revoked due to circumstances that have arisen after the time of filing, will preserve the alien beneficiary's grandfathered status."[18]   Therefore, even an alien who hopes to adjust her status after April 30, 2001, may be eligible for this grandfathering provision if she had an "approvable when filed" visa petition or labor certification filed before April 30, 2001, that was filed and accepted by the appropriate agency.

### B.  PROPERLY FILED

"Properly filed" means the application was "properly filed and accepted pursuant to the regulations of the Secretary of Labor, 20 C.F.R. 656.21."[19]   Section 656.21 lays out the labor certification supervised recruitment process and states in detail the advertising requirements for the job opportunity, but does not explain what criteria must be met for an application to be accepted.  According to the Federal Register, "[t]he Department of Labor considers an application for labor certification that is filed and *accepted* at a SESA to be properly filed."[20]

The Government argues that Ms. Bustos filed her ETA 750 application with the SESA on April 30, 2001, but that her application was never accepted by the agency.  Instead it was rejected when the agency remanded the application by seeking additional information.  The

---

[17]         *Id.* § 245.10(i).

[18]         *Id.* § 245.10(a)(3).

[19]         *Id*. § 245.10(a)(2).

[20]         66 Fed. Reg. 16383, 16385 (March 26, 2001) (emphasis added).

Government relies on *De Acosta v. Holder*[21] to show that an application that had been received was not accepted for filing because De Acosta had failed to provide her signature on one of the required supporting forms.  Plaintiff argues that to be accepted, the application need only be received and stamped by the SESA.  She argues that in order for the received application not to be accepted it must contain a fundamental filing infirmity such as the wrong filing fee or the check is returned as non-payable.  Further, she argues that the DWS remand notice provides proof the application was filed and received because it lists a priority date of April 30, 2001.[22]  Finally, she argues that a DWS letter dated April 9, 2009, supplies sufficient proof that Ms Bustos' application was accepted.[23]

Viewing the facts in the light most favorable to Plaintiff as the non-moving party, as the Court must do when considering a motion to dismiss, the Court finds that Plaintiff has stated a plausible claim that her application for labor certification was properly filed and accepted by the SESA.  Plaintiff has shown that her application was filed with the SESA and that, though the SESA requested additional information, it did not reject her application.  The government's reliance on *De Acosta* is misplaced because the application there was without a critical component—a signature.  There was no such deficiency here.  Therefore, the Court must deny the Motion to Dismiss on this ground.

---

[21]    556 F.3d 16, 19–20 (1st Cir. 2009).

[22]    Docket No. 9, Ex. B

[23]    Specifically, the DWS letter states, "I confirm that an Application for Alien Employment Certification was filed on the above matter on April 30, 2001 under the 245i Law" and goes on to note the application was closed in November 2003.  Docket No. 10, Ex. A.

C.  MERITORIOUS IN FACT

Though not discussed in the hearing, the outcome of this case does not fully hinge on whether Plaintiff's application was properly filed and accepted by the SESA.  The application must also either have been approved or approvable when filed.  "Approvable when filed" means the qualifying petition was "properly filed, meritorious in fact, and non-frivolous ('frivolous' being defined herein as patently without substance).  This determination will be made based on the circumstances that existed at the time the qualifying petition or application was filed."[24] There is no argument that Ms Bustos' application was frivolous.  Therefore, the issue is whether Ms. Bustos' application was meritorious in fact.

Plaintiff argues that meritorious in fact means only that the application is without evidence of fraud.  Ms. Bustos relies on a USCIS Memorandum, which states that "[a]bsent evidence of fraud, when a qualifying application for labor certification . . . is properly filed and accepted by the United States Department of Labor in accordance with 20 C.F.R. 656.21, USCIS will consider the requirements of 8 C.F.R. § 245.10 related to 'properly filed' and 'approvable when filed' to have been met for grandfathering purposes under section 245(i)."[25]

The Government argues that Plaintiff's application was never accepted by the SESA because it was incomplete and, thus, was not meritorious in fact.  Indeed, the Government would ask this court to confine this inquiry to the information actually listed on the ETA 750 application at the time of its filing.  The Government appears to argue that because the application was unsuccessful, it was not meritorious in fact.

---

[24]     8 C.F.R. § 245.10(a)(3).

[25]     Docket No. 1, Ex. E, at 4 (Yates Memo).

The Court does not adopt either of these approaches, and instead takes the approach that an application is meritorious in fact if it merits a legal victory.  This inquiry is based on facts that existed at the time of filing and allows for supplemental information to prove such facts.

 "[T]he determination of whether a visa petition is approvable when filed is not limited to the question of whether the petition was actually approved."[26]

> "Meritorious" means "meriting a legal victory" or "having legal worth," but does not require actual legal success.  Moreover, § 1245.10(a)(3) requires that the determination of whether a petition is meritorious in fact "be made on the circumstances that existed at the time the qualifying petition or application was filed."  This provision contemplates that evidence other than that actually submitted in support of the petition might be considered for purposes of determining whether an alien is grandfathered.[27]

In *Ogundipe,* the Fourth Circuit held that a visa petition is meritorious in fact if "based on the circumstances that existed at the time the petition was filed, the beneficiary of the petition qualified for the requested classification."[28]  Moreover, the court noted that an alien whose visa application was previously denied could prove the application was meritorious in fact by "making an appropriate factual showing in removal proceedings, subject to any applicable evidentiary and procedural rules."[29]  Though given the opportunity to do so, Ogundipe failed to demonstrate that he was a special immigrant, a requirement for the visa he sought.[30]

---

[26]     *Ogundipe v. Mukasey*, 541 F.3d 257, 260 (4th Cir. 2008).

[27]     *Id.*  (quoting Black's Law Dictionary (8th ed. 2004)).

[28]     *Id.* at 261.

[29]     *Id.*

[30]     *Id.*

Under this standard, Plaintiff will have to show that, if her application had not been abandoned and subsequently closed, her labor certification could have been approved.[31]  Plaintiff has presented a plausible claim under this standard.

## IV.  CONCLUSION

It is therefore ORDERED that Defendants' Motion to Dismiss (Docket No. 6) is DENIED.

DATED October 29, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[31]     *In re Jara Riero*, 24 I. & N. Dec. 267 (BIA 2007) (noting that denial of the petition is not dispositive of whether the petition was meritorious in fact and noting that on a marriage-based visa petition, the alien must not only prove that he was married, but also prove that the marriage was bona fide at its inception.)