IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LUCIANA BUSTOS,<br><br>   Plaintiff,<br><br>vs.<br><br>JANET NAPOLITANO, Secretary of Department of Homeland Security; ALEJANDRO MAYORKAS, Director of United States Citizenship and Immigration Services; GERARD HEINAUER, Director, Nebraska Service Center; JEANNE KENT, Field Office Director of the Salt Lake Field Office of United States Citizenship and Immigration Services,<br><br>   Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br><br><br>Case No. 2:12-CV-515 TS |

   This matter is before the Court on cross motions for summary judgment. For the reasons discussed below, the Court will grant Defendants' Motion and deny Plaintiff's Motion.

I.  BACKGROUND

Plaintiff Luciana Bustos is a native and citizen of Argentina.  She unlawfully entered the United States on February 17, 1990.

On April 30, 2001, The Herb Shop Connection submitted, on Plaintiff's behalf, an Application for Alien Employment Certification ("ETA 750" or "labor certification application") with the Utah Department of Workforce Services ("DWS").

In September 2003, DWS responded to the application by sending a "REMAND OF LABOR CERTIFICATION APPLICATION" ("Remand Notice").  The Remand Notice stated that DWS was "in receipt of your application for alien labor certification" but that "some of the entries used to complete it are unacceptable for purposes of creating a job order to be used in connection with a labor certification request."[1]  As a result, the application was returned so that four items could be revised or completed.

The Remand Notice advised that the "revised forms and the information requested" must be returned within 45 days, or November 14, 2003.  The letter warned: "If I do not hear from you or receive the revised forms and information, I will close this case.  If the employer wishes to re-file, a new priority date will be established."[2]

---

[1]Docket No. 9, Ex. B.

[2]*Id*.

The information sought by DWS was not provided as requested. On April 9, 2009, DWS sent a letter to Plaintiff's former attorney confirming that the labor certification application was "closed per request" on November 28, 2003.[3]

In November 2006, an Immigrant Petition for Alien Worker was filed on Plaintiff's behalf by Cherry Lane Keepsakes. The United States Citizenship and Immigration Services ("USCIS") approved the petition on October 22, 2007. The approval reflects a priority date of September 29, 2004.

Plaintiff then filed an application for adjustment of status. On August 26, 2009, USCIS denied Plaintiff's adjustment application. USCIS determined that Plaintiff failed to establish that she filed a qualifying application or petition on or before April 30, 2001. Therefore, she did not meet the requirements of 8 U.S.C. § 1255(i).

Plaintiff filed an appeal, which USCIS construed as a motion to reopen. USCIS denied the motion to reopen on February 10, 2010. USCIS stated that Plaintiff's labor certification "application was returned by State of Utah Department of Workforce Services" and was "not properly filed and later withdrawn."[4] Therefore, "[t]he Department of Labor did not receive a properly filed application until September 29, 2004, which clearly indicates that your approved visa petition was not filed prior to April 30, 2001 for section 245(i) purposes."[5] Plaintiff brought this action on May 30, 2012.

---

[3] Docket No. 1, Ex. B.

[4] Docket No. 25, Ex. A.

[5] *Id*.

## II.  STANDARD OF REVIEW

Plaintiff brings her Complaint pursuant to the Administrative Procedures Act (the "APA").  Under the APA, the Court is directed to "decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action."[6]  The Court must "set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."[7]

"An agency acted arbitrarily and capriciously if it relied on factors deemed irrelevant by Congress, failed to consider important aspects of the problem, presented an implausible explanation or one contrary to the evidence."[8]

> The arbitrary and capricious standard . . . is a narrow standard of review.  This court will determine whether the agency considered all the relevant factors and whether there was clear error of judgment, but may not substitute its own judgment for the agency's.  The agency must establish a relationship between its findings and its conclusions.[9]

## III.  DISCUSSION

Plaintiff seeks an adjustment of status under 8 U.S.C. § 1255(i)(1).  To be eligible for adjustment of stats under this provision, Plaintiff must show that she was the beneficiary of either a petition for classification or an application for a labor certification, filed on or before April 30,

---

[6] 5 U.S.C. § 706.

[7] *Id*.

[8] *Bd. of Cnty. Comm'rs of Cnty. of Adams v. Issac*, 18 F.3d 1492, 1497 (10th Cir. 1994).

[9] *Id*. at 1496-97.

2001.[10]  Under the implementing regulations, the visa petition or labor certification must be both "properly filed" and "approvable when filed."[11]

Plaintiff contends that the labor certification application filed on her behalf was both properly filed and approvable when filed.  Defendants disagree with both arguments.  Because the Court finds that the labor certification application was not properly filed, the Court need not reach the issue of whether it was approvable when filed.  Thus, the only issue the Court will address is whether the labor certification application was properly filed.

A labor certification is properly filed if "the application was properly filed and accepted pursuant to the regulations of the Secretary of Labor, 20 C.F.R. § 656.21."[12]  20 C.F.R. § 656.21 details the requirements for an employer applying for a labor certification.  The regulations require that the labor certification include various information, including a statement of the qualifications of the alien, a description of the job, and the wages to be paid.[13]  Additionally, the regulations state that the job requirements must not be unduly restrictive, such as including a requirement for a language other than English.[14]

Section 656.21 states that when an application is received "[t]he local office shall date stamp the application . . . and shall make sure that the *Application for Alien Employment*

---

[10] 8 U.S.C. § 1255(i)(1)(B).

[11] 8 C.F.R. § 245.10(a)(1)(i).

[12] *Id*. § 245.10(a)(2)(ii).

[13] 20 C.F.R. § 656.21(a), (b) (2001).

[14] *Id*. § 656.21(b)(2)(i)(C).

*Certification* form is complete. If it is not complete the local office shall return it to the employer and shall advise the employer to refile it when it is completed."[15] If the application is "acceptable," the local office, in cooperation with the employer, will attempt to recruit workers for the position.[16] If the employer's job offer is "unacceptable," "the local office, as appropriate, either shall contact the employer to try to remedy the defect or shall return the *Application for Alien Employment Certification* form to the employer with instructions on how to remedy the defect."[17] The regulations further require the employer to

> supply the local office with required documentation or requested information in a timely manner. If documentation or requested information is not received within 45 calendar days of the date of the request the local office shall return the *Application for Alien Employment Certification* form, and any supporting documents submitted by the employer and/or the alien, to the employer to be filed as a new application.[18]

As set forth above, The Herb Shop Connection submitted, on Plaintiff's behalf, an Application for Alien Employment Certification with the Utah Department of Workforce Services. DWS later returned that application so that four items could be revised or completed. A completed/revised application was never provided to DWS. Therefore, Plaintiff's Application for Alien Employment Certification was closed. Based upon this, USCIS determined that Plaintiff's application was not properly filed. The issue presented here is whether that

---

[15]*Id*. § 656.21(d).

[16]*Id*. § 656.21(f)(1).

[17]*Id*. § 656.21(f)(2).

[18]*Id*. § 656.21(h).

determination was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

Plaintiff argues that her labor certification was properly filed. In support, Plaintiff relies on language published in the Federal Register. That language provides:

> To be considered properly filed, for purposes of grandfathering under Section 245(i) of the Act (8 U.S.C. 1255(i)), a labor certification application must be filed on or before April 30, 2001, according to the regulations established by the Department of Labor, 20 CFR 656.21. The sponsoring employer must properly complete and sign ETA Form 750, Parts A and B. The Labor Department considers an application for labor certification that is filed and accepted at a State Employment Security Agency (SESA) to be properly filed.[19]

The Court finds that this language does not answer the question before it. This language merely restates the language from the regulations, discussed above. Therefore, additional analysis is required before the Court can determine whether the labor certification application was properly filed.

Plaintiff also relies on an Interoffice Memorandum prepared by William R. Yates, Associate Director for Operations of USCIS (hereinafter "Yates Memo").[20] The Yates Memo provides:

> Absent evidence of fraud, when a qualification application for labor certification (Form ETA-750) is properly filed and accepted by the United States Department of Labor in accordance with 20 CFR 656.21, USCIS will consider the requirements of 8 CFR 245.10 related to 'properly filed' and 'approvable when filed' to have been met for grandfathering purposes under section 245(i).[21]

---

[19] 66 Fed. Reg. 16383, 16385 (Mar. 26, 2001); *see also* Docket No. 10, Ex. B.

[20] *Id.*, Ex. C.

[21] *Id.* at 4.

Again, this language merely states the requirement that the application be properly filed and accepted in accordance with the regulations, but does not provide guidance on when an application is properly filed.

Plaintiff argues that the evidence in the record establishes that her application was filed and accepted. Plaintiff relies heavily on the Remand Notice in support of her argument. Plaintiff argues that the Remand Notice specifically states that it concerns a "Labor Certification" and establishes a priority date of April 30, 2001.[22] Plaintiff also argues that the labor certification application had been accepted because the Remand Notice gave the employer the option of making changes to the original Form ETA 750. Additionally, Plaintiff points to language from the Remand Notice stating that DWS was "in receipt of your application for alien labor certification."[23]

While this language may provide some support for Plaintiff's position, Plaintiff ignores other critical language from the Remand Notice. While DWS stated it was in receipt of the application for labor certification, that agency found "that some of the entries used to complete it [were] unacceptable for the purpose of creating a job order to be used in connection with a labor certification request."[24] As a result, the application was returned so that certain items could be revised or completed.

---

[22] Docket No. 9, Ex. B.

[23] *Id.*

[24] *Id.*

The Remand Notice further advised that the "revised forms and the information requested" must be returned within 45 days, or November 14, 2003. This time limitation is consistent with that found in the regulations, discussed above.[25] The Remand Notice warned: "If I do not hear from you or receive the revised forms and information, I will close this case. If the employer wishes to re-file, a new priority date will be established."[26] As stated, this information was not provided and the case was closed.

At most, Plaintiff has shown that her application for labor certification was filed, but she has not shown that her application was filed and accepted. Plaintiff's argument would equate receipt by DWS with filing and acceptance, but the regulations require more than mere filing before an application is considered "properly filed." A labor certification application must be both "properly filed and accepted pursuant to the regulations of the Secretary of Labor, 20 C.F.R. § 656.21."[27]

As set forth above, § 656.21 requires that once an application is received, the local office must determine whether it is complete. "If it is not complete the local office shall return it to the employer and shall advise the employer to refile it when it is completed."[28] Further, it is only

---

[25] *See* 20 C.F.R. § 656.21(h) ("The employer shall supply the local office with required documentation or requested information in a timely manner. If documentation or requested information is not received within 45 calendar days of the date of the request the local office shall return the *Application for Alien Employment Certification* form, and any supporting documents submitted by the employer and/or the alien, to the employer to be filed as a new application.").

[26] Docket No. 9, Ex. B.

[27] 8 C.F.R. § 245.10(a)(2)(ii).

[28] 20 C.F.R. § 656.21(d).

when the application is deemed "acceptable," that the local office, in cooperation with the employer, will attempt to recruit workers for the position.[29] If the employer's job offer is "unacceptable," "the local office, as appropriate, either shall contact the employer to try to remedy the defect or shall return the *Application for Alien Employment Certification* form to the employer with instructions on how to remedy the defect."[30]

In this case, the local office determined that Plaintiff's application was incomplete and unacceptable. Therefore, DWS sent the Remand Notice. The Remand Notice required the revisions and information within 45 days and, if not received, the case would be closed. This is precisely what happened. While the labor certification application may have been filed, there is no evidence that it was ever accepted by DWS. Therefore, the Court cannot find the decision of USCIS to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

In addition to the evidence set forth above, Plaintiff relies on an affidavit and two declarations that were not before the USCIS.[31] The Affidavit of Robert Scott, the owner of The Herb Shop Connection, states "[t]o the best of my knowledge [the labor certification] application was properly filed and accepted by the US Department of Labor through its Utah counterpart, the Utah Department of Workforce Service before the designated deadline."[32] Mr. Scott does not

---

[29]*Id*. § 656.21(f)(1).

[30]*Id*. § 656.21(f)(2).

[31]Defendant argues that the Court's review should be limited to the record before the agency. However, even considering the affidavit and declarations, Plaintiff's claim must fail.

[32]Docket No. 1, Ex. F, ¶ 4.

state how he reaches this conclusion and, even if he did, it would not alter the Court's decision as it is not Mr. Scott's role to determine whether an application is properly filed and accepted.

Next, Plaintiff has provided the Declaration of David Littlefield, an immigration attorney and law professor. Mr. Littlefield has regularly filed applications for labor certification and has routinely received letters like the Remand Notice. Mr. Littlefield states: "In my experience, the Utah Department of Workforce Services' requests for more information were never construed by the state agency as a rejection of the initial filing of the application for Labor Certification and were part of the ongoing process of obtaining Labor Certification."[33] While this information is helpful to the Court, it fails to address the issue here, where the labor certification application was closed after the request for information was ignored.

Finally, in Plaintiff's reply brief, Plaintiff has attached the Declaration of Erlinda Anderson. Ms. Anderson was employed by the Utah Department of Workforce Services as the Alien Labor Certification Program Specialist during the relevant time, and was the author of the Remand Notice. Ms. Anderson states that remand notices were common and "were never construed by the agency as a rejection of the initial filing of the application for Labor Certification."[34] Ms. Anderson goes on to state that the labor certification application filed by The Herb Shop Connection "was properly filed, was to be accepted and processed by our agency, and was meritorious in fact."[35] Ms. Anderson further states that the Remand Notice was not

---

[33]Docket No. 11, ¶ 7.

[34]Docket No. 26, Ex. A, ¶ 4.

[35]*Id*. ¶ 7.

intended to be a rejection of the application, but only "was a request for updated information on an application that had been properly filed, accepted, and was deemed by our agency to be meritorious in fact."[36]

Though Ms. Anderson's declaration makes this a much closer question, the Court still cannot find that the determination of USCIS was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Ms. Anderson's declaration makes no mention of the fact that the Remand Notice found the application to be "unacceptable." Further, Ms. Anderson does not acknowledge that the information requested by DWS was never provided and that the case was eventually closed.

In sum, USCIS was faced with a letter from DWS finding that the application for labor certification was unacceptable and requesting further information. After that information was not filed in the time allotted, the case was closed. Based on this information, the Court cannot find fault with the conclusion of USCIS that Plaintiff was not the beneficiary of a properly filed labor certification application.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Summary Judgment (Docket No. 25) is GRANTED.  It is further

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 19) is DENIED.

The hearing set for March 19, 2013, is STRICKEN.

---

[36]*Id.* ¶¶ 8-9.

The Clerk of the Court is directed to enter judgment in favor Defendants and against Plaintiff and close this case.

DATED   February 28, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge